## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHONDREY ARRINGTON,

      Plaintiff,                          Civil No. 22-CV-10215

                                             Honorable Mark A. Goldsmith

v.                                      United States District Court Judge

ADVANCED HEALTHCARE, et. Al.,

      Defendants,

_____/

## ORDER TO SHOW CAUSE WHY COMPLAINT SHOULD NOT BE DISMISSED

      Plaintiff is an inmate currently confined at the Genesee County Jail in Flint, Michigan. For the reasons that follow, plaintiff is ordered to show cause why his complaint should not be dismissed.

      Plaintiff's application to proceed without prepayment of fees and costs is initially deficient because he failed to file an authorization to withdraw funds. The moment plaintiff filed his complaint, he became responsible for the filing fee, and he waived any objection to the withdrawal of funds from his trust fund account to pay court fees and costs. *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997). Plaintiff's application to proceed without prepayment of fees or costs is deficient and subject to dismissal because it lacks the requisite authorization form. *See Lindsey v. Roman,* 408 F. App'x. 530, 533 (3rd Cir. 2010).

The Court notes that although plaintiff has submitted an application to proceed without prepayment of fees, the application does not include a financial certificate signed by plaintiff's custodian or designee.  An uncertified trust fund account statement, or one that lacks a signature, is insufficient to satisfy the filing requirements for permitting a prisoner to proceed *in forma pauperis* under § 1915(a)(2). *See Hart v. Jaukins,* 99 F. App'x. 208, 209-10 (10th Cir. 2004); *See also Moore v. Vantifflin,* No. 2009 WL 224548, * 1  (E.D. Mich. Jan. 30, 2009).  In addition, plaintiff has failed to provide the Court with a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each jail or prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F. 3d at 605.

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v.*

*Wrigglesworth*, 114 F. 3d at 605.  If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.*  The district court must then order that the case be dismissed for want of prosecution. *Id.*  If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

Plaintiff in his application to proceed without prepayment of fees and again in an unsworn financial affidavit claims that jail officials refuse to provide him with a copy of his jail trust account statement or certify it.

Plaintiff's conclusory and unsupported allegations of wrongdoing by jail officials by refusing to provide him with his trust account statement are insufficient to excuse the filing fee deficiency in this case. *See e.g. Montana v. Hargett,* 212 F. App'x. 770, 772-73 (10th Cir. 2007).  In lieu of dismissing the complaint at this point, the court orders Plaintiff to provide documentation to this Court from a source independent of plaintiff himself within **thirty (30) days** of this order to establish that the jail authorities refuse to provide him with a copy of his trust account statement and to sign and certify it.  Failure to provide this documentation will lead to dismissal of the complaint.

David R. Grand_____<br>
DAVID R. GRAND<br>
UNITED STATES MAGISTRATE JUDGE

Dated:   3/9/2022

3

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on

<u>s/TThompson</u>
Deputy Clerk

Dated:  3/9/2022