UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHRONDREY ARRINGTON,

       Plaintiff,                      Civil Action
                                                 No. 2:22-cv-10215

v.                                             MARK A. GOLDSMITH
                                               UNITED STATES DISTRICT COURT

ADVANCED HEALTHCARE, et. al.,

       Defendants,

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

       Plaintiff was an inmate confined at the Genesee County Jail in Flint, Michigan, when he filed this action. On February 10, 2022, Magistrate Judge David R. Grand signed an order of deficiency, which required Plaintiff to either pay the $ 350.00 filing fee in full, plus the $ 52.00 administrative fee, or in the alternative, to provide an application to proceed without prepayment of fees and costs and an authorization to withdraw from the trust fund account, a current certification/business manager's account and a statement of trust fund account, or the institutional equivalent, for the six-month period that preceded the filing of the complaint. Plaintiff was given thirty days to comply with the order. (ECF No. 4).

       On March 9, 2022, Magistrate Judge Grand signed an order requiring Plaintiff to show cause why the complaint should not be dismissed based on Plaintiff's failure to cure the deficiency. Although Plaintiff had claimed that jail authorities were refusing to provide him with a copy of his jail trust account, Magistrate Judge Grand noted that Plaintiff provided no evidence to support the claim. Plaintiff was given thirty days to provide this Court with evidence to support his allegation

1

that jail officials were refusing to provide him with the documentation needed to cure the filing fee deficiency. (ECF No. 6).

On April 19, 2022, this Court granted Plaintiff a thirty-day extension of time to cure the deficiency. (ECF No. 9).

Plaintiff has provided this Court with a copy of the application to proceed without prepayment of fees. (ECF No. 2). Plaintiff, however, failed to provide the Court with a written authorization to withdraw funds from his prison trust fund account. Plaintiff also failed to file a certified trust account statement or a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months.

The pertinent statute, 28 U.S.C. § 1915(a)(2), requires a prisoner who seeks to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. See also McGore v. Wrigglesworth, 114 F. 3d 601, 605 (6th Cir. 1997).

If a prisoner who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court is required to advise the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. McGore v. Wrigglesworth, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." Id. The district court must then order that the case be dismissed for want of prosecution. Id.

When plaintiff filed his complaint, he became responsible for the filing fee and waived any objection to the withdrawal of funds from his prison trust fund account to pay court fees and costs. McGore v. Wrigglesworth, 114 F. 3d at 605. Plaintiff's application to proceed without prepayment of fees or costs is deficient; it lacks the requisite authorization form. See Lindsey v. Roman, 408 F. App'x 530, 533 (3rd Cir. 2010).

Plaintiff also failed to correct the deficiency order by providing the Court with a certified account statement and a copy of his computerized jail trust fund account for the past six months. See Davis v. United States, 73 F. App'x 804, 805 (6th Cir. 2003).

Plaintiff in his application to proceed without prepayment of fees and again in an unsworn financial affidavit (ECF No. 5) alleges that jail officials have refused to provide him with a copy of his jail trust account statement or certify it. Plaintiff's claim that jail officials refuse to provide him with his trust account statement are conclusory and unsupported and are insufficient to excuse the filing fee deficiency in this case. See e.g. Montana v. Hargett, 212 F. App'x 770, 772-73 (10th Cir. 2007). Plaintiff has still not provided any evidence to support his allegations of wrongdoing on the part of jail officials despite having received additional time to do so by this Court and by Magistrate Judge Grand.

Plaintiff failed to correct the deficiency order; the Court will dismiss the complaint without prejudice for want of prosecution based upon Plaintiff's failure to fully comply with the deficiency order. See e.g. Erby v. Kula, 113 F. App'x 74, 75-76 (6th Cir. 2004).

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this order precludes Plaintiff from filing a new civil

rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

SO ORDERED.

Dated: May 27, 2022  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 27, 2022.

s/Karri Sandusky  
Case Manager